May it please the court, my name is Mark Amant. I'm with the Federal Defender's Office in Fresno, and I represent the defendant, Brett Raymer. I would first like to make a brief correction to my brief, and that is that his release date from custody is now in the middle of August of this year, August 19th. At the time I wrote the brief, it appeared that he would start his federal sentence in July, but that is now not the case. His release date from the state? No, his release date in the state was advanced, so that he's already currently serving his federal sentence, and he's due to complete his federal sentence on August 19th. How long a sentence did he have? His sentence in this case was 11 months. Did you ask for this to be expedited? I did not ask that it be expedited. You wanted him to finish his sentence before we heard it? Well, that wasn't my intention, Your Honor. I did not become aware of the fact that his federal sentence had started until a short time ago. It's not much consolation to somebody if he's going to get a conviction reverse to have finished his sentence. I understand. When did he begin service of the federal sentence? I cannot state that, Your Honor. I only know from your prisons they now state that his release date is August 19th. He was serving a state sentence, and at the time earlier this year it appeared that he wouldn't start his federal sentence until mid-July. Well, earlier this year it couldn't have appeared that because he was already serving his federal sentence earlier this year. He must have started it last year. If it's 11 months. Right. I don't know how to explain it. That's the information. No, I wouldn't think so. All right. I would like to reserve three minutes of my time, please. This case requires that the court construe three different words in the statute, communication, threat and person. And I've already briefed whether or not a communication requires the use of words, and I would like to focus today beginning with asking the question that even if a communication can be based on conduct under the statute, whether the conduct here was a threatening communication. And in doing so, I think it would be helpful to distinguish between a threat on the one hand and to frighten on the other hand. A threat being an expression or a communication about a future harm as opposed to a fright, which is instilling some sort of a present fear. Let's suppose that someone leaves a package which looks like real dynamite attached to an alarm clock on the desk at a public agency and a note attached to it says the next one will be real. Is that a threat? Yes, that's a threat. It's easily a threat because there are words there that state that the next one will be real. And in context, that's clearly a threat. It's referring to a future harm and there are words involved. So it's explicit. If this letter had had real anthrax spores or whatever they're called instead of cornstarch, would that have been a threat by itself? Considering the difference, I don't think it would be a threat. It wouldn't be a communication of a threat. It would be posing an actual harm, which would be a violation, I'm sure, of another statute, but not the mailing of a threat. You say it has to have language in it. I'm saying first it has to have language, and alternatively, even if it doesn't have language, it has to be a communication of a harm yet to come, that that is in the nature of a threat. You're saying something either by words or conduct that something's going to happen as opposed to the doing of it. If I shoot someone, that's not a threat. That's shooting someone. And to me, sending it, if it were the actual anthrax, that would be the doing of it. That isn't the threatening to do it. You now have these cell phones where you can take a picture and instantly communicate it. Someone takes a picture of someone else's daughter with a gun pointed at their head and sends it to someone else. Is that a threat? No words. Yes, yes. There are no words at all. Yes. I believe that not focusing on the word communication or words, yes, that would be a threat if the context, if the contextual implication is that something bad will happen to her. But that's something that will as opposed to did. OK. The dictionary definition of to frighten is to markedly disturb with fear, to throw into a state of alarm or to make afraid or to terrify. Whereas here, assuming we get past the words problem and just focusing on if is there some sort of communication here, the question then is what sort of communication would there be in the factual context that we have here? We have a direct evidence of my client who said that he meant nothing by it. He wasn't thinking. So there's some sort of a zero intention at that point. If the court were to look beyond that, to look at a larger context and to read more into it than my client admitted, at most there would be some sort of a boo factor, some sort of a scare with nothing behind it, which would really be a fright, a temporary fright without actually posing an actual threat and without any sort of implication or insinuation that some future harm would occur. Here, there was a pre-addressed envelope. There was a parking ticket and there was the payment for the parking ticket all together in the envelope with the cornstarch. This was a completed transaction, nothing more. There was no suggestion, no comment, no nothing about any future anything in connection with this quote unquote communication, if it were to be construed to be so. You want to spend any time on the natural person? Yes. I think that that's actually, to me, a little less interesting but easy way out here, although it is clear, as the government points out, that in general, federal statutes referring to the word person can mean all sorts of entities. In the context of this statute, it has to mean a natural person, and we know that because of the other uses of the same word not only in the statute but in the very sentence where it occurs three times in the same sentence, the word person, person in relation to kidnap. You can't kidnap an entity and injury a person. Once again, the type of injury that's being referred to here could only be referring to a natural person. It could injure a person that was a corporation, I suppose, if you threat to blow the building up or whatever, or infect everybody with anthrax, right? Ultimately, you mean that it could be injuring the property, injury, interest of the entity. I suppose so, but we would maintain that that's not the sort of injury contemplated by this statute. Just to read the statute, we're talking about physical things here. That's what Congress is talking about. And that's really all that's raised by either side in this case either, that although person could mean something in other contexts, here it has to mean a natural person. You wanted to save time for rebuttal. You're down to a minute and a half. Thank you. Good morning, Your Honors. My name is John Conklin. I represent the United States of America in this matter. Defense counsel contends, and the government agrees, there are two issues before this court, and that is whether or not, in fact, there was sufficient evidence to support the threat and whether or not the statute allows for a natural person to be included in the facts of this case. Well, they discussed another issue today that should have been obvious to anybody, and that's whether it is a threat at all to mail something. If you mail somebody a bomb, a snake, what is the threat? Your Honor, the threat is necessarily implied by white powder included in an envelope at the date and time. Threats to do what? A threat to harm the individual receiving the envelope. A threat to infect that person with anthrax. If you shoot somebody, is that a threat to shoot them? When I point the gun, it's a threat, Your Honor. Yes, when you point the gun. Yes, and that's exactly what happened here. The gun was pointed, the letter was mailed. Was it something that the person was threatening to do after the anthrax or the powder was received? They were simply threatening to infect the person with anthrax. But they had done everything they were going to do, hadn't they? Yes, they had taken the steps to do that, and then they completed that action when the person opened up the letter. So you think a threat is something that happens after you've completed the act? No, Your Honor, a threat happens before the act is completed, and that is what happened here. Can you give me another example of a threat where the person has done everything that could possibly be done? Yes, Your Honor, when I drop a bullet in an envelope and I address the envelope, for example, to my office, to the United States Attorney's Office. And what are you threatening to do? I'm threatening to shoot the person that received that envelope. But you have to do something else, don't you? No, I don't. Don't. I don't have to complete the threat and the law of the world. You're threatening to do something else. I'm threatening to shoot. All right, and what are you threatening that you're going to do? Infect the person with anthrax. What are you going to do? You don't see the difference between the fact that you threaten you're going to shoot, you're going to do an act, and the fact that you've already completed everything you're doing? I think they can both include the threat, Your Honor. I can complete it. No, but I asked you to give me an example of something where you have done everything that you're going to do, and that's all, no dispute, that your acts are finished. And how that, give me an example of when that's a threat. I have a hard time differentiating when that's not a threat, Your Honor. I would equate it to the law of assault and battery. When I go to commit the assault on you, that's a threat and battery. So the answer is you can't give me an example? Not that I can think of, Your Honor. I can't think of an example where I complete an act that does not necessarily include a threat, especially in this case. Mr. Raymer, and I would ask this Court to consider not the exact time the person received the envelope, but what Mr. Raymer intended when he put the powder in the envelope. Why would anybody put white powder in an envelope and mail that envelope to a recipient, especially given the timing of this delivery, for any other purpose other than to threaten to infect that person with anthrax? Let's suppose that the context allows this action to be defined as a threat. The statute requires that the threat be addressed to any other person. Yes, Your Honor. Do you have any case law that says person includes, what's this, the city of Modesto parking citations division? Yes, Your Honor. There's a United States Supreme Court case, United States v. Lovell or Lowell, as cited in the government's brief that indicates that Section 1 of the Dictionary Act includes municipalities in the definition of person. Now, that was rejected by the district court case in Brownfield, out of the Central District of Los Angeles. Judge Coyle, the judge in this case, rejected the rationale of Brownfield and found that, in fact, Section 1 did apply. In Brownfield, it was limited to, and that was a threat that was sent to the Federal Bureau of Investigation. So when you injure the person of the addressee, that to you means an injury to a corporation? It means an injury to the person at the corporation that receives the letter. It can also mean, yes, Your Honor, a threat to the corporation. If I send a letter to a corporation that says, for instance, or let's assume I send an e-mail to a corporation talking about I'm threatened to do something to affect their stock value, as is a common threat these days, that's a threat to the corporation. That's a threat to the person of the corporation. That's the address? That a threat to affect stock value is a threat to the person of the corporation? Yes, I would contend, the government contends that a clear reading, if the court is going to apply Section 1 of the Dictionary Act, Section 1 also defines corporations as persons. But in this case. Unless the context indicates otherwise, right? Yes, Your Honor. And in this case, if the court were to move beyond Section 1 and if the court were to look at Brownfield and for some reason adopt the rationale of Brownfield, though Judge Coyle rejected that, Judge Coyle then looks to the circumstances of this case where it was addressed to the city of Modesto. And Judge Coyle appropriately found that that necessarily is the recipient of the letter. The city of Modesto is comprised of persons. That necessarily when Mr. Raymer dropped that white powder in the envelope, he knew at the other end a person was going to open up the letter. Judge Coyle used the example of sending a threatening letter to IBM. Let me ask you a question. Do you have 18 U.S.C. 876 handy? Yes, sir. The first word is whoever? Yes, sir. What does that refer to? The person who sends the communication. Does that have to be a natural person? The person sending the communication? Yes. No, necessarily. I would imagine if a corporation, if we're going to apply the term person uniformly, if one corporation acting as the corporation sent a threat to another corporation, that would be one person under the Dictionary Act threatening another person. Then when it says whoever and then addressed to any other person. Yes, sir. What do those two phrases mean together? Addressed to any other person. The government's contention is that means directed to another person. That means one corporation that adversely affects the stock of another corporation would come under this statute. Yes, Your Honor. If it sends the communication with that intent to threaten or to harm. The Board of Directors of Sun Microsystems adopts a resolution telling Microsoft, unless it sells a certain software program to it, that they'll institute a hostile takeover. The example would probably be better the other way around. The Microsoft Board sending the communication to Sun Microsystems. Then that qualifies as a threat under 18 U.S.C. 876. I'm not sure that that would qualify, Your Honor, simply because I think the corporation may have a right to do that. If, in fact, the corporation decided to send an e-mail, an anonymous e-mail to another corporation saying, if you don't make your stock options available, we're going to make false information available saying that your corporation is failing. Or we intend to cause a harm. The government's position is that the word whoever includes corporations. Yes, if this court is to include under the Dictionary Act. However, we would ask this court, even if it's going to finish my question. The government's position is that whoever includes a corporation and that the phrase any other person also includes a corporation. That's the government's position. Yes, Your Honor. Okay. However, the court can move beyond that. They don't have to threaten to do something in the future. They send the board of directors send something, a communication, a copy of a communication that's going to have an effect all by itself. That's a threat. Yes. They send a floppy disk that's labeled virus. Yes, that's a threat. But it doesn't contain a virus. I would submit, Your Honor, that's a threat to submit. That's a threat to infect with a virus. And the law is clear that the individual does not have to have the ability to carry out the threat. And the individual doesn't even need. The word individual, again, I'm using my corporate example. The board of directors sends this to the other board of directors. Perhaps I should have said person, Your Honor. And even if that is the case, the person does not have to have the ability to carry out the threat or the intent to carry out the threat. All they have to intend is to convey a threat. If this court is to move, if this court is to say, reject my contention about moving to the corporation hypothetical and say that must necessarily be a person, I would contend, the government contends, that the statute is clearly satisfied here even in that case. Mr. Raymer. If this had been anthrax, it would also be a threat. Yes, Your Honor. Okay. And if the person had taken the anthrax and died from it, it would be a threat. Well, that would then complete itself into the crime of murder. But it would still be a violation of this. It would be a violation of this. However, the government would submit it be subsumed in the overriding crime of murder, Your Honor. If I intended to threat you. If the PLO puts a bomb in a bus and it doesn't go off, it's a threat. And if it does go off, it's a subsumed threat. If it doesn't go off, it's a threat. If it does go off, it's a threat that has been completed into an atrocious murder. Yes, Your Honor. That's the government's position. By sending this powder. And if you shoot at somebody and miss, is that a threat? Yes, it is, Your Honor. If I point a gun at an individual. Oh, you shoot. And you miss. Right. That's a threat. At the time I pointed the gun, it was a threat. No, no, after you shoot. After the shot is off? Yes. That's a completed act. The threat has been completed. It's not you missed. You haven't completed the murder. You missed. Right. Yes, Your Honor. The threat has been completed. It's attempted murder, but it's also a threat. Yes, it's an assault with a deadly weapon. An assault, by definition, is a threat to do harm. Okay. I see my time is up. If the Court has no further questions, the government respectfully asks this Court to affirm the lower court's decision denying the motion to dismiss the indictment, as well as affirm the lower court's decision finding sufficient evidence to support both elements of the offense in this case. We have not addressed the sentencing issue. The Court started off with that. If there's no additional questions on the sentencing issue, the government will submit the matter. Thank you. Thank you. I would just like to point out, Your Honors, that if the government is correct about corporations, entities, and so on, we're still stuck even in the absurd position that we could otherwise be in construing this statute. We have the phrase addressed to any other person. That would be rendered completely meaningless. It would have no meaning whatsoever, and it's essentially being written out of the statute. And rules of interpretation would require us to find some reasonable interpretation that includes meaning for those words. Also, as just became clear again, that if this were anthrax, just like the bullet, there would be an attempted murder or completed murder. There could be violation of many other offenses, but it's simply not a communication of a threat. And in this case, it was not only not anthrax. It was a harmless substance that was not a communication of a threat. We respectfully request that this Court find that there was no crime, that this crime was not committed here. Thank you.
judges: Reinhardt, Siler, Hawkins